IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| LASHEIK LEE, <br> as Parent and Next Friend of C.L.-W., <br>     Plaintiff, <br> v. <br> BOARD OF EDUCATION FOR PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS, *et al.*, <br>     Defendants. | Case No.: GJH-22-0957 |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff LaSheik Lee, as Parent and Next Friend of C.L.-W., brings this civil action against Defendants Board of Education for Prince George's County Public Schools ("PGBOE" or the "Board"); Prince George's County Public Schools ("PGCPS"); Monica Goldson, in her capacity as chief executive officer of PGCPS; and Trinell Bowman, associate superintendent for special education at PGCPS, for an appeal under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA") of a decision and order rendered by an administrative law judge ("ALJ") of the Maryland Office of Administrative Hearings.

Pending before the Court are (1) Defendant PGCPS's Motion to Dismiss, ECF No. 15, and (2) Plaintiff's Motion to Strike Board of Education for Prince George's County Public Schools' Answer and Affirmative Defenses, ECF No. 16. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion is granted, and Plaintiff's Motion is denied.

I.      **BACKGROUND**

Plaintiff is the parent of a special education student residing in Prince George's County, Maryland. ECF No. 1 ¶¶ 42, 44, 112. On or around January 11, 2021, Plaintiff filed an administrative due process complaint against PGCPS alleging violations of the IDEA on the grounds that PGCPS had failed to provide a free appropriate public education for her son, as required by law.[1] *Id.* ¶ 54. The matter was assigned to an ALJ, who oversaw a hearing that spanned for approximately 63 days from April through November 2021. *Id.* ¶ 64. On December 20, 2021, the ALJ issued a decision in favor of PGCPS. *Id.* ¶ 72.

On April 19, 2022, Plaintiff filed a Complaint in this Court, seeking to appeal the ALJ's decision on the grounds that the adjudicative process was flawed and the decision was factually and legally deficient. *Id.* ¶ 73. On April 28, 2022, Defendants PGBOE, PGCPS, and Goldson were served. *See* ECF No. 12. On May 18, 2022, Defendant Goldson filed an Answer to the Complaint. ECF No. 6. On June 9, 2022, Defendant PGCPS filed a Motion to Dismiss, ECF No. 15, and Defendant PGBOE filed an Answer to the Complaint, ECF No. 13. On June 22, 2022, Plaintiff filed a Motion to Strike Defendant PGBOE's Answer. ECF No. 16. Defendant responded, ECF No. 19, and Plaintiff replied, ECF No. 22.[2]

---

[1] Plaintiff also sought to bring claims under section 504 of the Rehabilitation Act and the Americans with Disabilities Act, but those claims were dismissed at the outset of the ALJ proceeding because the ALJ lacked authority to adjudicate those issues. ECF No. 1 ¶ 56.

[2] Plaintiff's Motion for Extension of Time to File Reply, ECF No. 20, is denied as moot because the Reply was ultimately filed on time.

## II. DISCUSSION

### A. Motion to Dismiss

Defendant PGCPS moves to dismiss itself from the suit because it does not exist as a separate entity to sue and be sued. ECF No. 15 at 1.[3] Plaintiff does not oppose dismissal. ECF No. 18. Therefore, the Court dismisses Defendant PGCPS.

Separately, Defendant PGCPS also asserts that named Defendant Trinell Bowman has not been served. Federal Rule of Civil Procedure 4(m) requires service within 90 days of the filing of a complaint. The Rule provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, where there is no showing of good cause, a district court may either order service to be made within a specified time or dismiss the action. The "choice between the two is left to the district court's discretion." *Gelin v. Shuman*, 35 F.4th 212, 219 (4th Cir. 2022).

Here, the Complaint was filed on April 19, 2022, and thus, the 90-day deadline has long transpired. Defendant PGBOE raised the issue in its Response to Plaintiff's Motion to Strike, filed on July 6, 2022. *See* ECF No. 19 at 2 n.1. Plaintiff has not offered any showing of good cause for the delay. Accordingly, the action against Defendant Bowman shall be dismissed.

### B. Motion to Strike

#### 1. Untimely Answer

Plaintiff first seeks to strike Defendant PGBOE's Answer to the Complaint because the Answer was filed approximately three weeks late. ECF No. 17 at 6–7. Defendant PGBOE

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

3

responds that striking the Answer is inappropriate because it has demonstrated good cause for the delay. ECF No. 19 at 5–6.

A defendant's answer and affirmative defenses must be filed within 21 days of being served with a complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Rule12(f) gives the court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While it is generally accepted that a motion to strike "is neither an authorized nor proper way to procure the dismissal of all or part of" of a pleading, 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (3d ed. Apr. 2022), some courts have found that an untimely answer may be stricken in its entirety under certain circumstances, *see Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 7–8 (D.D.C. 2004). "In any context, however, Rule 12(f) motions seek 'a drastic remedy which is disfavored by the courts and infrequently granted.'" *Romero v. Barnett*, No. CIV.A. DKC 09-2371, 2011 WL 1938147, at *1 (D. Md. May 20, 2011) (quoting *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993)). Thus, such motions typically "should not be granted absent a showing of undue prejudice." *Provident Life & Acc. Ins. Co. v. Cohen*, 137 F. Supp. 2d 631, 632 (D. Md. 2001).

Here, Plaintiff seeks to strike Defendant PGBOE's Answer because it was filed several weeks after the deadline. ECF No. 17 at 3. Defendant Goldson, in her official capacity as chief executive officer of PGCPS, filed a timely Answer; Defendant PGBOE did not. Defendant PGBOE asserts that the delay in its filing was due to an "administrative glitch," whereby the district liaison for the Board accepted service of the Summons and Complaint but purportedly failed to notify the Board's attorney or other relevant officials. ECF No. 19 at 5. After learning about the pending suit on June 8, 2022, when a Return of Summons was filed, ECF No. 12, the Board's attorney filed an Answer to the Complaint the next day. *Id.* Defendant PGBOE's

4

explanation is bolstered by the declarations of two Board officials involved in the matter. *See* ECF No. 19-1; ECF No. 19-2.

In this instance, striking the Board's Answer in its entirety for untimeliness would be a "drastic remedy," and the Court does not find such action warranted. Plaintiff's claim of undue prejudice due to the delay of several weeks is not compelling where this dispute has been ongoing for nearly two years. *See Romero*, 2011 WL 1938147, at *3. Of course, this Court takes seriously the deadlines imposed by the Federal Rules—and it expects that future motions in this matter will be timely filed, or extensions timely sought. On this issue, however, the Court is guided by the fact that the Fourth Circuit "strongly favors the resolution of cases on their merits." *Khadka v. Rajamani*, No. 1:08CV1320 (JCC), 2009 WL 910849, at *1 (E.D. Va. Apr. 1, 2009) (citing *Canady*, 307 F. Supp. 2d at 8). To the extent that Plaintiff "would like to strike" Defendant PGBOE's Answer "so that the court can declare [Defendant PGBOE] in default and proceed toward default judgment," such an effort is inappropriate here. *Romero*, 2011 WL 1938147, at *2 (citing *Canady*, 307 F. Supp. 2d at 8).

Accordingly, Plaintiff's Motion to Strike on these grounds will be denied.

### 2. Affirmative Defenses

Plaintiff also argues that Defendant PGBOE's nine affirmative defenses should be struck from their Answer because they are legally and factually insufficient. ECF No. 17 at 7–8. Defendant responds that the defenses are sufficiently alleged as necessary in this stage of the proceeding. ECF No. 19 at 6–7.

Rule 12(f) permits courts to "strike from a pleading an insufficient defense." As noted above, striking all or a portion of a pleading is a "drastic remedy." *See Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation omitted). Indeed, "to succeed on a

motion to strike an affirmative defense, plaintiffs must demonstrate that they will be prejudiced if the defense is not stricken." *Miller v. Live Nation Worldwide, Inc.*, No. 14-cv-2697-TDC, 2015 WL 235553, at *3 (D. Md. Jan. 15, 2015).

Here, the Court acknowledges that the Board's affirmative defenses are not as fulsome as they perhaps could be, *see, e.g.*, *Alston v. Transunion*, No. GJH-16-491, 2017 WL 464369, at *3 (D. Md. Feb. 1, 2017); however, the Plaintiff has not alleged any prejudice as a result of the purportedly deficient pleading. To succeed on most of the defenses identified, Defendant would need to file motions that would more fully describe the merits of the defense. The remaining defenses, read in the context of the Complaint, provide sufficient notice and can be explored through discovery, if needed. Thus, because Plaintiff has not provided "any inkling of prejudice that would result from not striking these defenses," the Court will deny the request to strike on these grounds. *Lewis v. Prince George's Cnty. Bd. of Educ.*, No. GJH-21-2720, 2022 WL 4564634, at *11 (D. Md. Sept. 29, 2022).

### III.   CONCLUSION

For the foregoing reasons, Defendant PGCPS's Motion to Dismiss is granted and Plaintiff's Motion to Strike is Denied. A separate Order follows.


Date: <u>January 4, 2023</u>                                   __/s/_____
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge